NEM:KM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | 24-MJ-00030 |
| AKOREDE ANIMASHAUN,<br>    also known as "Antik," | (18 U.S.C. § 922(g)(1)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

CHRISTOPHER BRUNO, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

On or about January 11, 2024, within the Eastern District of New York and elsewhere, the defendant AKOREDE ANIMASHAUN, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: one black Ruger .380 caliber semiautomatic pistol.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.  I am a Detective with the NYPD and an FBI Task Force Officer. I have been a member of the NYPD for 17 years and a Task Force Officer for approximately six years. I have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in this investigation; my review of documents, records and reports, including the defendant's criminal history record; and reports of other law enforcement officers involved in the investigation. Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

2.  On or about January 11, 2024, at approximately 9:40 p.m., NYPD officers sitting in a parked, unmarked police vehicle near the corner of Harbor Loop and Lockman Avenue in Staten Island, New York, saw the defendant AKOREDE ANIMASHAUN driving a gray sedan. The officers recognized ANIMASHAUN from an active NYPD I-Card, dated January 10, 2024, seeking ANIMASHAUN's arrest for Strangulation in the Second Degree, in violation of New York Penal Law Section 121.12. While still in the police vehicle, the officers also performed a database search of the license plate of the gray sedan, which revealed that the license plate is registered to ANIMASHAUN.

3.  The NYPD officers then performed a vehicle stop. When asked to present identification, ANIMASHAUN provided the officers with a New York State driver's license bearing his name. The officers asked ANIMASHAUN to leave the vehicle, at which point he was placed under arrest.

4.  During a search incident to arrest, the NYPD officers found a loaded .380 caliber semiautomatic pistol, serial number 37499821, in an inner pocket of ANIMASHAUN's

jacket, which ANIMASHAUN was then wearing. A subsequent search of law enforcement records revealed that the firearm was stolen.

5. I have reviewed ANIMASHAUN's criminal history, which reveals that on or about March 6, 2018, ANIMASHAUN was convicted, after a guilty plea, of Criminal Sale of a Controlled Substance, in violation of New York Penal Law Section 220.39(1), a class B felony, and sentenced on April 11, 2018, to a term of five years' imprisonment. ANIMASHAUN was also convicted, after a guilty plea, on July 23, 2015, of Attempted Criminal Sale of a Controlled Substance, in violation of New York Penal Law Section 220.39(1), a class C felony, and Attempted Criminal Possession of a Controlled Substance in violation of New York Penal Law Section 220.16(1), a class C felony, and sentenced on November 4, 2015, to a term of one year in prison.

6. I have conferred with an interstate nexus expert, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, who has informed me, in substance and in part, that the recovered firearm was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests that the defendant AKOREDE ANIMASHAUN be dealt with according to law.

                                                   */s/ Christopher Bruno*
                                                  Christopher Bruno
                                                  Detective
                                                  New York City Police Department

Sworn to before me via telephone on this
12th day of January, 2024

  s/ James R. Cho
_____
HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK